```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                         Norfolk Division
```

SIR LORD ISMIAL HOLMES, #1489347,

    *Petitioner,*

v.                                              Civil Action No. 2:18cv189

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    *Respondent.*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Sir Lord Ismial Holmes ("Petitioner" or "Holmes") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 9, 2018. (EFC No. 1). The Hampton Circuit Court convicted Holmes of voluntary manslaughter and sentenced him to a total of nine years' incarceration. Holmes' federal habeas corpus petition does not challenge his underlying conviction, but alleges that his sentence is being unlawfully executed by the Virginia Department of Corrections. He argues that he has not received credit for time served while he was awaiting trial, and asks the court to order a "legal update sheet" with the credits he claims due. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation.

Because Holmes' petition is time-barred and he has not stated any basis to toll the limitations period or excuse his untimely filing, the undersigned recommends that the Court dismiss the petition.

## I. STATEMENT OF THE CASE

The Hampton Circuit Court convicted Holmes of voluntary manslaughter, and sentenced him to incarceration for a period of nine years on September 26, 2013. On November 21, 2017, Holmes filed a state habeas petition, which was dismissed by the Supreme Court of Virginia in a final order dated February 15, 2018. Holmes v. Clarke, Record No. 171551 (Va., Feb. 15, 2018) (slip op.). On April 9, 2018, Holmes filed his current federal Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Holmes' federal habeas corpus petition argues that he has not received credit for time spent in pretrial detention and as a result, he would be subjected to a longer period of incarceration than the sentencing court intended. Pet. (ECF No. 1 at 18).

Respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying Brief in Support of Motion to Dismiss and Rule 5 Answer on July 11, 2018. (ECF No. 14-16). Respondent's brief argues that Holmes' petition is untimely and no tolling exception applies, and that Petitioner's claims lack merit.

(ECF No. 16). Petitioner has not responded, and the time for response has now expired. After reviewing Holmes' Petition and Respondent's Motion to Dismiss, this Report finds that his federal petition is time-barred. Holmes' pleadings do not allege any basis to overcome this impediment and obtain federal review of his sentence.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Petitioner's Habeas Petition is Time-Barred.**

Holmes' federal habeas corpus petition is time-barred. In order for a federal court to review a state court ruling under a habeas corpus petition, that petition must be filed within the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The statute lists four possible starting points for the statute of limitation to begin running, the fourth of which applies to this case: "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Holmes' claim relates to an alleged sentencing calculation error which was first revealed to him in a Legal Update dated March 18, 2014, which he received upon his transfer to St. Brides Correctional Center in September of that year. (See ECF No. 16-1 at 6). Petitioner did not file his federal petition until April 9, 2018, nearly four years after he learned of the alleged error and almost 3 years after the statute of

3

limitations on the federal petition had run. (ECF No. 1). Although Holmes' claim is clearly barred, he may overcome the bar by alleging facts suggesting he is entitled to equitable tolling.

For equitable tolling to overcome the statute of limitations, the petitioner must show that either the respondent's wrongful conduct or circumstances beyond petitioner's control prevented him from filing within the statute of limitations. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Holmes has alleged no facts that would suggest that respondent somehow prevented him from filing his federal petition within the one-year statute of limitations, nor has he alleged any extraordinary circumstances caused his untimeliness. Holmes is a pro se plaintiff and perhaps unfamiliar with the law, but his pro se status alone is not a basis for equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005). Equitable tolling does not enable federal review and Holmes' petition is time-barred.

A credible showing of actual innocence may permit a petitioner to overcome a time-bar restriction, but only if the petitioner produces new reliable evidence sufficient to persuade the court that no reasonable juror would have found him guilty beyond a reasonable doubt. McQuiggin v. Perkins, 133 S. Ct.

4

1924, 1928 (2013). In this case, Holmes has not challenged his underlying conviction, only the calculation of his sentence and thus, the actual innocence exception cannot excuse his late filing.[1]

### III. RECOMMENDATION

Holmes' claims of sentence calculation errors are time-barred and he has not presented evidence sufficient to overcome this bar to federal review. Therefore, the undersigned recommends that Respondent's Motion to Dismiss (EFC No. 15) be GRANTED and Holmes' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (EFC No. 1) be DENIED and DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days form the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by

---

[1] Holmes has not alleged a basis to obtain federal review of his untimely claim. The court nevertheless notes that affidavits submitted with the Government's motion suggest that he has received all the credit to which he was entitled for his pretrial detention. (See ECF No. 16-1).

5

mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The Parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S.140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and to provide an electronic copy to counsel of record for the Respondent.

                                                   /s/
                                    Douglas E. Miller
                                    United States Magistrate Judge

                                    DOUGLAS E. MILLER
                                    UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 2, 2018

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

>Sir Lord Ismial Holmes
>1489347
>St Brides Correctional Center
>701 Sanderson Rd.
>Chesapeake, VA 23328

and an electronic copy was provided to:

>Charisse Monae Mullen
>Office of the Attorney General (Richmond)
>202 North 9th Street
>Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

October 2, 2018